UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SARAH WERTS,<br>        Plaintiff,<br>    v.<br>ANDREW SAUL,<br>        Defendant. | Case No.  5:20-cv-03751-EJD<br><br>**ORDER GRANTING MOTION FOR ATTORNEY'S FEES**<br><br>Re: Dkt. No. 27 |

Before the Court is Plaintiff's motion for attorney's fees pursuant to 42 U.S.C. § 406(b). Mot., ECF No. 27.  Plaintiff's counsel Harvey P. Sackett seeks an award of $44,183.44 as a percentage of the past-due disability benefits owed to Plaintiff under Title II of the Social Security Act.  Defendant, the acting Social Security Commissioner, has submitted a response but takes no position as to the reasonableness of the requested fees.  Response, ECF No. 28.

Having reviewed the moving papers, Mr. Sackett's time entries, and Defendant's response, the Court **GRANTS** Plaintiff's motion.

I.  **BACKGROUND**

On March 3, 2023, the Court reversed the Commissioner's unfavorable final decision and ordered the matter be remanded for further administrative hearings.  Following remand, on April 24, 2024, an Administrative Law Judge found Plaintiff disabled and entitled to a period of disability and Disability Insurance Benefits ("DIB").  Plaintiff received a gross total of $276,216.00 in retroactive DIB for the period of July 2016 through July 2024.  The Social Security Administration withheld $69,054.00 for prospective payment of attorney's fees, which is 25% of the retroactive DIB.

Case No.: 5:20-cv-03751-EJD
ORDER GRANTING MOTION FOR ATTORNEY'S FEES
1

1   Prior to filing the complaint in this action, Plaintiff had entered into a contingency fee
2   agreement with Mr. Sackett on April 3, 2017.  Per the agreement, Mr. Sackett was to receive a
3   total maximum of 25% of the past-due benefits awarded to Plaintiff for work performed under §
4   406(a) and (b).  Under § 406(b), Mr. Sackett is now asking for a fee of $44,183.44.  Following the
5   Court's approval, Mr. Sackett will reimburse Plaintiff $4,183.44 for fees under the Equal Access
6   to Justice Act ("EAJA"); the net fee will be $40,000.

## II.   LEGAL STANDARD

Under the Social Security Act, an attorney who successfully represents a claimant before a court may seek an award of attorney's fees not to exceed 25% of any past-due benefits eventually awarded.  42 U.S.C. § 406(b).  While contingency fee agreements are permissible in Social Security cases, § 406(b) "calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases."  *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002).  In deciding whether a fee agreement is reasonable, courts must consider "the character of the representation and the results the representative achieved."  *Crawford v. Astrue*, 586 F.3d 1142, 1151 (9th Cir. 2009).  The court "first look[s] to the fee agreement and then adjust[s] downward if the attorney provided substandard representation or delayed the case, or if the requested fee would result in a windfall."  *Id.*  While a court may consider an attorney's lodestar in deciding whether an award of fees under § 406(b) is reasonable, "a lodestar analysis should be used only as an aid (and not a baseline) in assessing the reasonableness of the fee." *Laboy v. Colvin*, 631 F. App'x 468, 469 (9th Cir. 2016).

Where a claimant's attorney has been awarded fees under both the EAJA and § 406(b), the attorney must "refund to the claimant the amount of the smaller fee."  *Crawford*, 586 F.3d at 1144 n.3 (quoting *Gisbrecht*, 535 U.S. at 796).

## III.  DISCUSSION

The Court finds that Mr. Sackett's requested fees are reasonable for the services he has rendered.  Mr. Sackett requests $44,183.44 in fees under § 406(b), which is approximately 16% of Plaintiff's past-due benefits of  $276,216.00.  The requested fee is below the 25% statutory limit

Case No.:  5:20-cv-03751-EJD
ORDER GRANTING MOTION FOR ATTORNEY'S FEES
2

set by § 406(b), and nothing in the record or submitted time records suggests that his performance was substandard or that he engaged in dilatory conduct to increase the amount of fees he would be awarded.  The requested fee also reflects a reasonable hourly rate.  Mr. Sackett indicates that he spent 26.5 hours on this case, which includes drafting the complaint, reviewing the SSA administrative record, and drafting the motion for summary judgment.[1]  An award of $44,183.44 for 26.5 hours of work would yield an effective hourly rate of $1,667.30 per hour, which is within the range for effective hourly fees for counsel with Mr. Sackett's experience that courts in this district have awarded under § 406(b).  *See, e.g., L.M. v. Kijakazi*, No. 17-CV-03562-JCS, 2023 WL 7251505, at *3 (N.D. Cal. Nov. 2, 2023) (finding effective hourly rate of $2,145 reasonable); *Jacomet v. Kijakazi*, No. 2:18-CV-0199 DB, 2023 WL 5723085, at *2 (E.D. Cal. Sept. 5, 2023) (finding effective hourly rate of $2,005.06, while "certainly on the high end," not unreasonable); *Spina v. Kijakazi*, No. 19-CV-05171-BLF, 2023 WL 3977666, at *1 (N.D. Cal. June 13, 2023) (approving a fee award with an effective hourly rate of $2,344.56).

## IV.   CONCLUSION

Based on the foregoing, the Court **GRANTS** Mr. Sackett's motion.  Mr. Sackett is awarded $44,183.44 pursuant to 42 U.S.C. § 406(b).  Upon receipt of this fee, Mr. Sackett is **ORDERED** to refund to Plaintiff the fees he received under EAJA, in the amount of $4,183.44.

**IT IS SO ORDERED.**

Dated: April 21, 2025

EDWARD J. DAVILA
United States District Judge

---

[1] The Court notes that the timesheet in Exhibit E totals 23.15 hours, rather than the 26.5 hours counsel claims in the motion.  Regardless, even with 23.15 hours, the hourly rate would be $1,904.25, which is still within the range for reasonable contingency fees in this district.

Case No.: 5:20-cv-03751-EJD
ORDER GRANTING MOTION FOR ATTORNEY'S FEES
3